CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 06 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonag
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL S. GORBEY,
    Plaintiff,

Civil Action No. 7:16-cv-00455

v.

MEMORANDUM OPINION

OBAMA, et al.,
    Defendants.

By:  Hon. Jackson L. Kiser
      Senior United States District Judge

Michael S. Gorbey[1], a Virginia inmate proceeding pro se, filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). By its Order entered on November 14, 2016, the court advised Plaintiff that the complaint contained misjoined claims against misjoined defendants in violation of the Federal Rules of Civil Procedure. The Order directed Plaintiff to file an amended complaint without misjoined claims and misjoined defendants. The Order also informed Plaintiff that the proposed amended complaint must stand by itself without reference to prior filings and warned that a failure to comply would result in dismissal of the complaint without prejudice.

In response, Plaintiff filed a motion to amend and a motion for the recusal of me and of the magistrate judge. Both motions are denied as frivolous and malicious.

A judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). To disqualify a judge from continuing to preside, the "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011) (quoting Liteky v. United States, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior

---

[1] Plaintiff's other moniker is Michael Steven Owlfeather.

proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" id. at 573 (quoting Liteky, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky, 510 U.S. at 555). "Likewise, judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" Belue, 640 F.3d at 573 (quoting Liteky, 510 U.S. at 555). I have no personal bias or prejudice against Plaintiff, and indeed, I have no personal knowledge of him outside the cases he has filed in this court. Accordingly, I deny Plaintiff's motion for recusal as frivolous and malicious.

Instead of narrowing the claims and parties via the motion to amend as the order required, Plaintiff seeks to gratuitously expand the action to include more misjoined claims against 150 proposed defendants, who range from the United States' United Nations Counsel to a prison case manager. The frivolous and malicious nature of the suit is apparent; consequently, the motion to amend is denied as futile, and the complaint is dismissed without prejudice due to the failure to comply with the prior order pursuant to Federal Rule of Civil Procedure 41(b). See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants must respect court orders and dismissal is an appropriate sanction for non-compliance); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting a court may deny a motion to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment").

2

Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions. See, e.g., Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001). Frivolous or malicious filings can and will result in the imposition of a pre-filing review system, and if such a system is placed in effect, pleadings not filed in good faith and lacking substance will be summarily dismissed as frivolous. If such writings persist, the pre-filing system may be modified to include an injunction from filings, and monetary sanctions may be imposed. See 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11 (b) and (c). Plaintiff is hereby warned that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction. See Cromer v. Kraft Foods of North America, Inc., 390 F.3d 812, 818 (4th Cir. 2004); see also Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, et al., No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012) (M.J., Seibert) (listing twenty-five cases that qualify as strikes under 28 U.S.C. § 1915(g)).

ENTER: This 6th day of December, 2016.

*[signature]*
Senior United States District Judge

3